MARIS *v.* LEVY ET AL.

[72 South. 860.]

CHATTEL MORTGAGE. *Trust deeds. Liability of third persons.*

> Under the facts set out in this case the court held that the question of liability of defendant was a question for the jury.

APPEAL from the circuit court of Madison county.

HON. ROBERT POWELL, Special Judge.

Suit by C. T. Maris against D. & L. K. Levy. From a judgment on peremptory instruction for defendants, plaintiff appeals.

One Mose Hawkins, tenant of appellant, gave him a note secured by deed of trust, covering all crops grown on appellant's place as security for certain money owing by Hawkins to appellant. Thereafter Hawkins gave appellee a deed of trust on all crops raised by him to se-

cure certain advances. According to the testimony of witness Finney, who was manager of appellant's plantation, Hawkins carried his cotton to town without paying the balance due on the note held by appellant, and the next day witness missed the cotton and came to town to try and locate it, and went to the office of certain cotton buyers in Canton, Miss. He testified that he met one of the members of the appellee's firm, who advisd him that they had the cotton and would hold it until the controversy was settled. The cotton was afterwards sold by Hawkins to Lewis, another cotton buyer, and the proceeds of the sale turned over to appellees by Hawkins. Appellees then turned one-fourth of the proceeds over to appellant as rent, and declined to pay over the balance to be credited on the note held by appellant, and suit was brought for same. Appellant claims that since appellees knew of the appellant's claim to the cotton under the deed of trust, and since they received the proceeds of this sale with such knowledge, they were participants in the sale of the Hawkins' cotton, and that, having received the proceeds thereof with knowledge of appellant's prior claim, they became liable to appellant for such proceeds. The court below gave a peremptory instruction to find for appellees, and this appeal is prosecuted.

*H. T. Huber* and *H. B. Greaves,* for appellant.

*W. H. & R. H. Powell,* for appellees.

STEVENS, J., delivered the opinion of the court.

The testimony for the plaintiff in this case was sufficient to justify a submission of the issue to the jury. It is the positive testimony of the witness Finney that the cotton left Hawkins' farm at one time or on one day, and that the following day this witness "missed it and came to see what he had done with it;" that he went to the office of the cotton buyers in Canton, and in going there met

one member of appellees' firm, who admitted that he had the cotton and would hold it until the controversy was settled. The testimony further shows that appellees recived the proceeds of the sale of the cotton. The granting to the appellees of the peremptory instruction, therefore, was error, necessitating a reversal of this case.

*Reversed and remanded.*